```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
STATE OF NEW YORK, et al.,          :
                                    :   19 Civ. 8365 (VM)
                    Plaintiffs,     :
                                    :
       - against -                  :   DECISION AND ORDER
                                    :
UNITED STATES SECURITIES AND        :
EXCHANGE COMMISSION, et al.,        :
                                    :
                    Defendants.     :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By letter dated September 16, 2019, plaintiffs in these consolidated challenges to the Regulation Best Interest rule promulgated by the Securities and Exchange Commission (the "Rule") advised the Court that, notwithstanding their belief that this Court has jurisdiction over their challenges, they had nonetheless taken the precaution of filing petitions for review of the Rule in the United States Court of Appeals for the Second Circuit. (See Dkt. No. 24.) By letter dated September 20, 2019, plaintiffs requested an expedited scheduling order and informed the Court that the parties had met and conferred without reaching agreement on whether this Court or the Second Circuit is the proper forum for this litigation. (See Dkt. No. 21.) By letter dated September 23, 2019, defendants opposed the request for an expedited scheduling order and sought a briefing schedule on the threshold issue of jurisdiction. (See Dkt. No. 25.)

1

A federal court can examine subject-matter jurisdiction at any time, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 107-08 (2d Cir. 1997). "[I]n the absence of a statute bestowing judicial review, the only federal court with jurisdiction to review an agency decision is the district court." Clark v. CFTC, 170 F.3d 110, 113 n.1 (2d Cir. 1999). Here, the relevant statute does "bestow" judicial review: it provides that an adversely-affected person "may obtain review" in the court of appeals for the circuit of residence, or in the United States Court of Appeals for the District of Columbia Circuit. 15 U.S.C. § 78y(b)(1). Although Congress's use of the permissive "may" might seem on its face to imply a non-exclusive grant of jurisdiction in the court of appeals, it is well-established that clauses containing "a specific statutory grant of jurisdiction to the court of appeals . . . should be construed in favor of review by the court of appeals." NRDC v. Abraham, 355 F.3d 179, 193 (2d Cir. 2004); see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744-45 (1985); Sun Enters., Ltd. v. Train, 532 F.2d 280, 288 (2d Cir. 1976); Altman v. SEC, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011), aff'd, 687 F.3d 44 (2d Cir. 2012). In light of these principles and to advance the parties' shared goal of expeditious judicial review (see Dkt. No. 21 at 2; Dkt.

2

No. 25 at 2), the Court summarily DISMISSES this action on its own motion for lack of subject-matter jurisdiction and in favor of further litigation pursuant to the petitions for review filed in the Second Circuit.

### ORDER

For the foregoing reasons, it is hereby

**ORDERED** that this action is **DISMISSED** on the Court's own motion for lack of subject-matter jurisdiction and in favor of litigation pursuant to the petitions for review filed in the United States Court of Appeals for the Second Circuit.

**SO ORDERED.**

Dated:   New York, New York
         26 September 2019

_____
Victor Marrero
U.S.D.J.